UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOSE DELEON,

                         Plaintiff,

              -against-

ELVIN PICHARDO, ELVIS DELACRUZ,

                        Defendants.
------------------------------------------------------------------x

**THIRD AMENDED COMPLAINT**

Bench Trial

15 CV 9804 (PGG)

Plaintiff JOSE DELEON (hereinafter "Plaintiff") by and through their attorneys, Vik Pawar, Esq., and Robert Blossner, Esq. respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## PARTIES

6.      Plaintiff is a citizen of the United States, and at all relevant time resident in the County of New York, State of New York.

7.      The individual Defendants are officers with the NYPD at the time when plaintiff's claims arose. They are sued in their individual and official capacities.

## FACTS

8.      On August 28, 2014, plaintiff DeLeon was arrested on the street for allegedly making a "drug sale" to a "female" on August 26, 2014. Plaintiff's arrest was based on an alleged "sale observation" by defendant Elvis Delacruz. Defendant Pichardo who knew plaintiff had committed no crime, arrested him anyway.

9.      On August 28, 2014, around 1 p.m., plaintiff DeLeon was transported to the 34th precinct for the crime of alleged sale of controlled substances.

10.     Plaintiff was thrown against the wall by defendants Pichardo and Delacruz.

11.     Plaintiff had his hands violently yanked behind his back and thrown to the ground. Plaintiff offered no resistance. Yet, the defendants put their knees on plaintiff's shoulder blades and forcefully brought how two wrists together and intentionally and tightly placed handcuffs around his wrists.

12.     Plaintiff was in excruciating pain.

13. Plaintiff was then transported to the 34th precinct where he was subjected to a full cavity strip-search.

14. No drugs were ever recovered from the plaintiff or from the "alleged sale" two days prior. Plaintiff was held for more than 30 hours.

15. All charges against plaintiff were dismissed in December 2014 because there was no probable cause for the arrest or prosecution of plaintiff and the charges lingered because defendants refused to withdraw their false statements or otherwise show up for court.

### AS AND FOR A FIRST CAUSE OF ACTION
(False arrest-Fourth Amendment)

16. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

17. Defendants had no reason or probable cause to arrest plaintiff.

18. Even though plaintiff offered no resistance, he was yanked, thrown to the ground and had knees placed on him as he was tightly handcuffed and arrested on false charges and strip-searched without just cause.

19. Defendants assaulted him falsely arrested him on fabricated charges that he had made an alleged sale to a "female" two days prior to the arrest.

20. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional rights under the Fourth Amendment were violated.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under 14th Amendment-Due Process/Mal.Pros.)

21. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

22. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

23. Defendants initiated false and baseless proceedings against plaintiff.

24. Defendants knew that if they forwarded the false and unreliable information to the DA's office, plaintiff would be prosecuted.

25. Yet defendants never retracted their false paperwork and continued the prosecution based on malice because they did not want to acknowledge their mistakes.

26. The proceedings were terminated in plaintiff's favor.

27. As a result of the foregoing, Plaintiff was deprived of his rights secured under the Constitution.

Case 1:15-cv-09804-PGG-KNF Document 531 Filed 12/15/16 Page 5 of 5

**WHEREFORE,** the Plaintiff requests that this Court:

a. Award compensatory damages to Plaintiff against the Defendants, jointly and severally, in the amount of TWO HUNDRED THOUSAND DOLLARS for each cause of action;

b. Award the costs of this action to the Plaintiff.

c. Award reasonable attorney fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.

d. Award punitive damages in an amount determined by the jury;

e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
December 15, 2016

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By:/s
    Vik Pawar (VP9101)
    Robert Blossner (RB0526)
    *Attorneys for Plaintiff*