# PAWAR LAW GROUP P.C.

### ATTORNEYS AT LAW

**Robert Blossner**

**Vik Pawar**

20 VESEY STREET SUITE 1210
NEW YORK NEW YORK 10007

TEL (212) 571 0805
FAX (212) 571 0938
www.pawarlaw.nyc

NEW JERSEY OFFICE:

6 SOUTH STREET, SUITE 201
MORRISTOWN, NEW JERSEY

November 13, 2017

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York

Re:  *DeLeon v. Pichardo and Delacruz*, 15 CV 9804 (PGG) (KNF)

Dear Judge Gardephe:

Pursuant to my conversation with Your Honor's law clerk, plaintiff submits the following positions of the respective parties regarding outsanding discovery. Nothing with respect to the following oustanding discovery (except for the CCRB subponea has changed). I have attempted to reach out to defense counsel but have not heard from him. This letter is an updated version of the letter submitted last summer and discovery issues that remain outstanding and supplement to my letter dated November 7, 2017.

**Plaintiff's position**:

On March 22, 2016, the parties appeared before the Honorable Shira A. Scheindlin for an initial conference and plaintiff agreed to dismiss certain claims and narrow his lawsuit. The Court then entered a Scheduling Order ("Order"). The Order stated, in pertinent part, that the "schedule for the production of documents [and] interrogatories" was April 14, 2016.

On April 13, 2016, plaintiff filed a Second Amended Complaint and, as promised, narrowed his claims. Defendants filed an answer on April 15, 2016 (a Friday). On April 19, 2016 (a Tuesday), plaintiff served his discovery requests upon defense counsel. The requests were sent two (2) business days late, one (1) business day after defendants filed their answer and one (1) business day after receiving defendants' discovery requests.

1

Plaintiff responded to defendants' discovery requests. However, defendants refused to respond because they were "late". Instead of bickering over defense counsel's trivial position, the parties agreed that defense counsel would provide complete disciplinary records for the two defendants. Unfortunately, defense counsel failed to live up to that promise and subsequent requests to keep that promise.

On June 30, 2016, Your Honor extended the discovery deadline to complete all discovery.

Plaintiff hoping to avoid unnecessary discovery motion practice before the Court, was optimistic that the deposition of the two defendants' would alleviate the need for document discovery. The depositions left questions that could now only be answered through documents. On August 4, 2016 (long before the discovery deadline), at the end of depositions of both defendants, plaintiff promptly sent a letter to defense counsel memorializing the requests made on the record. Plaintiff seeks certain relevant discovery that the defendants outright refuse to provide and verify because they were "2 days late."

Plaintiff still seeks the following information.

**Interrogatory Requests served on April 19, 2016:**

1. Have you ever been disciplined/reprimanded/demoted/terminated (including but not limited to Command Discipline A and B, IAB, or charges and specs) by your employers or have you ever resigned? If so, state the nature of the incident(s) leading up to such act.

**Document Requests served on April 19, 2016:**

1. All summaries and reports of all meetings, conferences, and conversations held in connection with, or concerning the Incident.

2. All case log entries prepared in connection with, or concerning the Incident.

3. All tape recordings or transcripts of any emergency radio transmission ("radio runs") that were relayed to or from anyone and any of the defendants.

4. With respect to any person(s) employed by defendant CITY of NEW YORK who witnessed some or all of the Incident and surrounding events, produce the entries of each such person in his/her records, memo books, diaries, Daily Activity Reports, logs journals, and notes for that day.

5. All memoranda and documents detailing internal CITY of NEW YORK disciplinary action, letters in the personnel file, command discipline (A and B), charges, and notifications and/or warnings and admonishment against defendants.

**Deposition Follow-up request on August 4, 2016:**
1. Please provide the complete disciplinary histories for defendant Delacruz because he could not recall why he was subjected to GO-15's which is an internal disciplinary proceeding.
2. Please provide the complete IAB file for defendant Pichardo which was produced in truncated form.
3. Please produce the DAR (daily activity report) for both defendants for the week of August 26, 2014.

      In closing, plaintiff respectfully submits he is entitled to discovery. Federal Rules of Civil Procedure Rule 26 states a party "...may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action ....the parties' relative access to relevant information .... the importance of the discovery in resolving the issues.... **Information within this scope of discovery need not be admissible in evidence to be discoverable.**" (emphasis added)

      Defendants have been accused of shaking down drug dealers, asking for bribes and protection money, planting drugs on individuals (also known as "flaking") and looking up warrants for unauthorized purposes. The allegations in plaintiff's complaint state that defendants falsely arrested and maliciously prosecuted him and defendants fabricated evidence by planting drugs. Plaintiff is entitled to discovery that would seek to advance his claims that these two defendants are corrupt and are willing to fabricate information to make an arrest or protect a drug dealer (so long as they get paid protection money). The alleged sale of a "small object" took place on August 26, 2014 and plaintiff was arrested on August 29, 2014. The daily activity report could very well shed light on whether the sale even took place or the defendants' ability to make such observation 3 days earlier. Interestingly, although there were 4 additional officers who were present during the alleged sale on August 26 and the arrest on August 29, none of their names were disclosed as part of defendants' defense. Plaintiff is entitled to disciplinary materials and daily activity reports that are routinely turned over in other cases. As I told Your Honor at the August 18, 2016 conference, I think the parties, the Court and the public at large would be better served knowing whether there are corrupt police officer(s) within the NYPD. Defense counsel is fighting so vigorously to prevent disclosure simply bolsters plaintiff's position that defendants have something to hide.

**Defendants' Position:**

As noted by plaintiff above, defendants were served with document requests and interrogatories after the last such date set by the Court to do so. Plaintiff's counsel notified defense counsel that he wished to write to the Court to compel responses to his document requests and interrogatories. Counsel then met and conferred in an effort to resolve the situation without Court intervention. It is defendants' understanding that plaintiff agreed that defendants would not have to provide any of the requested documents or respond to any of the interrogatories if defendants would turn over specific disciplinary documents – namely the CCRB Histories and CPI Indexes for the two defendant officers. Defendants produced those documents as agreed. At no point did plaintiff's counsel state that the documents provided were insufficient or that he was entitled to "complete disciplinary records." Defendants entered into this agreement in good faith and notwithstanding their objections provided the above documents, which they were under no obligation to provide in a *good faith reliance* that defendants would have to provide no other documents and answer no other interrogatories.

Even if, *arguendo*, plaintiff's counsel is correct in stating that defendants were supposed to provide "complete disciplinary histories," it is undisputed that plaintiff promised that no other documents would need to be provided. As such, plaintiff's above interrogatory and requests for any documents other than those relating to disciplinary information constitue a bad faith reneging on a prior agreement between counsel and defendants should not be required to produce said information.

With regard to plaintiff's letter sent on August 4, 2016, this letter was emailed to plaintiff's counsel with one week remaining in discovery. Because this request did not allow defendants sufficient time to respond within the discovery deadline, it is untimely and requires no response. See Joye v. PSCH, Inc., 2016 U.S. Dist. LEXIS 72764, at *10 n.2 (S.D.N.Y. June 3, 2016) (holding that plaintiff's post-deposition discovery demands "which were served five days before the discovery deadline, are untimely in the absence of an extension of the discovery deadline."); Fitzgibbon v. Sanyo Sec. Am., Inc., 1994 U.S. Dist. LEXIS 8386, at *10 (S.D.N.Y. June 22, 1994) (holding that the plaintiff's document request was untimely because it was served with less than thirty days remaining in discovery); Mortle v. UPS, 2006 U.S. Dist. LEXIS 17337, at *3 (E.D. Wis. Mar. 27, 2006) ("Pursuant to Federal Rule of Civil Procedure 34(b), the defendant has 30 days to serve a written response to a discovery request. As such, in order to meet the discovery-completion deadline, [plaintiff] should have tendered his request for documents at least thirty days before the discovery-completion deadline."). Additionally, this letter was never served upon defendants via mail, and was only received via email. This is insufficient, as defense counsel explicitly informed plaintiff's counsel that defendants do not accept service via email. See FRCP 5(b)(2)(E).

To the extent that plaintiff maintains the above interrogatory and requests, defendants object as follows:

1.   *Have you ever been disciplined/reprimanded/demoted/terminated (including but*

4

*not limited to Command Discipline A and B, IAB, or charges and specs) by your employers or have you ever resigned? If so, state the nature of the incident(s) leading up to such act.*

As an initial matter this question was already asked of and answered by each defendant at their respective depositions, and as such defendants object on the grounds that this question is in violation of S.D.N.Y. Local Civil Rule 33.3(b). Defendants further object on the grounds that plaintiff previously agreed that defendants would not have to respond to any of plaintiff's interrogatories. Defendants provided documentation that they were under no obligation to provide as part of a good faith agreement that plaintiff's counsel is attempting to renege on in bad faith. Defendants further object to this interrogatory on the grounds that it is vague, ambiguous, not properly limited in time or scope, overbroad, implicates the privacy interests of non-parties. Defendants further object to this interrogatory to the extent that it seeks information which is not proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the importance of the requested information in resolving the issues, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, on the grounds that it seeks information which is beyond the scope of this litigation, is not of a similar nature or concerning false statements, or was not within the past 10 years or occurred subsequent to the incident. Defendants further object to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, the official information privilege, the law enforcement privilege, the deliberative process privilege, the self-evaluation privilege or other applicable privileges, or constitutes sensitive law enforcement privileges. Defendants also object to this interrogatory to the extent it seeks confidential information of non-party officers, the disclosure of which would be an unwarranted invasion of privacy.

1. *All summaries and reports of all meetings, conferences, and conversations held in connection with, or concerning the Incident.*

Defendants object on the grounds that plaintiff previously agreed that defendants would not have to provide the documents requested in plaintiff's document requests other than those agreed upon. Defendants provided documentation that they were under no obligation to provide as part of a good faith agreement that plaintiff's counsel is attempting to renege on in bad faith. Defendants further object to this interrogatory on the grounds that it is vague, ambiguous, not properly limited in time or scope, overbroad, and implicates the privacy interests of non-parties. Defendants further object to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, the official information privilege, the law enforcement privilege, the deliberative process privilege, the self-evaluation privilege or other applicable privileges, or constitutes sensitive law enforcement privileges. Defendants also object to this interrogatory to the extent it seeks confidential information of non-party officers, the disclosure of which would be an unwarranted invasion of privacy.

2. *All case log entries prepared in connection with, or concerning the Incident.*

Defendants object to this request given that any case log entries made by defense counsel in connection with this case are clearly protected by the attorney-client privilege.

3. *All tape recordings or transcripts of any emergency radio transmission ("radio runs") that were relayed to or from anyone and any of the defendants.*

Defendants object on the grounds that plaintiff previously agreed that defendants would not have to provide the documents requested in plaintiff's document requests other than those agreed upon. Defendants provided documentation that they were under no obligation to provide as part of a good faith agreement that plaintiff's counsel is attempting to renege on in bad faith. Defendants further object this request on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is not limited in time and scope, to the extent it calls for production of documents that are not proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the importance of the requested information in resolving the issues, and not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent it calls for documents not within defendants' possession, custody or control. Defendants further object to this request to the extent it seeks documents that have been destroyed pursuant to operation of law. Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or other applicable privileges. Notwithstanding and without waiving these objections, defendants state, upon information and belief, there are no documents responsive to this request.

4. *With respect to any person(s) employed by defendant CITY of NEW YORK who witnessed some or all of the Incident and surrounding events, produce the entries of each such person in his/her records, memo books, diaries, Daily Activity Reports, logs journals, and notes for that day.*

Defendants object on the grounds that plaintiff previously agreed that defendants would not have to provide the documents requested in plaintiff's document requests other than those agreed upon. Defendants provided documentation that they were under no obligation to provide as part of a good faith agreement that plaintiff's counsel is attempting to renege on in bad faith. Defendants further object to this request on the grounds that it is vague, ambiguous, overbroad, duplicative and cumulative, assumes facts not established, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges.

5. *All memoranda and documents detailing internal CITY of NEW YORK disciplinary action, letters in the personnel file, command discipline (A and B), charges, and notifications and/or warnings and admonishment against defendants.*

Defendants object on the grounds that plaintiff previously agreed that defendants would not have to provide the documents requested in plaintiff's document requests other than those agreed upon. Defendants provided documentation that they were under no obligation to provide as part of a good faith agreement that plaintiff's counsel is attempting to renege on in bad faith. Defendants further on the grounds that it is duplicative and unreasonably cumulative, vague, ambiguous, overbroad, not limited in time or scope, unduly burdensome, assumes facts not established, and to the extent that it seeks information which is not proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the importance of the requested information in resolving the issues, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that this request calls for the production of documents reflecting charges of misconduct where the charge was not substantiated or did not result in a finding of misconduct, or which occurred more than 10 years prior to, or subsequent to, the incident. Defendants further object to this request on the grounds that it invades defendantss' privacy rights, implicates the privacy interests of non-parties, implicates the provisions of the Health Insurance Portability & Accountability Act, 42 U.S.C. §§ 1320, et seq, ("HIPAA") and other federal and state laws concerning the disclosure of medical information, the doctor-patient privilege, and/or the psychotherapist-patient privilege. Defendants further object on the grounds that they have not put their mental health at issue in this litigation. Cf. Sims v. Blot, 534 F.3d 117, 141 (2d Cir. 2008) (holding Plaintiff's mental health records protected from disclosure and finding that, even where plaintiff himself claimed garden-variety psychological damages resulting from the subject incident, plaintiff had not waived his psychotherapist-patient privilege). Defendants further object to the extent this document request implicates the sealing provisions of New York Criminal Procedure Law §§ 160.50/160.55 and to the extent it seeks information of a private and sensitive nature that are unrelated to the police officer's performance of his duties and implicates the privacy and security concerns of both defendants and non-parties. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege the work product doctrine, the official information privilege, the law enforcement privilege, the deliberative process privilege, the self-evaluative privilege or other applicable privileges, or constitutes sensitive law enforcement material.

1. *Please provide the complete disciplinary histories for defendant Delacruz because he could not recall why he was subjected to GO-15's which is an internal disclipinary proceeding.*

Defendants object on the grounds that plaintiff previously agreed that defendants would not have to provide the documents requested in plaintiff's document requests other than those agreed upon. Defendants provided documentation that they were under no obligation to provide as part of a good faith agreement that plaintiff's counsel is attempting to renege on in bad faith. Defendants further object to this request on the grounds that it is vague, ambiguous, not properly limited in time or scope, overbroad, implicates the privacy interests of non-parties. In addition, defendant Delacruz

specifically testified at his deposition that no allegations against him were substantiated at any point in time. As such, defendants further object to this request to the extent that it seeks information which is not proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the importance of the requested information in resolving the issues, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, on the grounds that it seeks information which is beyond the scope of this litigation, is not of a similar nature or concerning false statements, or was not within the past 10 years or occurred subsequent to the incident. Defendants further object to this request to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, the official information privilege, the law enforcement privilege, the deliberative process privilege, the self-evaluation privilege or other applicable privileges, or constitutes sensitive law enforcement privileges. Defendants also object to this interrogatory to the extent it seeks confidential information of non-party officers, the disclosure of which would be an unwarranted invasion of privacy.

2. *Please provide the complete IAB file for defendant Pichardo which was produced in truncated form*

Plaintiff has no legal basis whatsoever for maintaining Officer Pichardo as a defendant in this matter, and plaintiff's counsel is aware of such. Defendants intend to move, pursuant to Rule 11 of the FRCP, for their fees for any time spent defending needless discovery as it relates to Officer Pichardo as any requests made specifically relating to him are made with the express purpose of unnecessarily delaying and needlessly increasing the cost of litigation for defendants in violation of Rule 11(b).

Defendants further object to this request on the grounds that plaintiff previously agreed that defendants would not have to provide the documents requested in plaintiff's document requests other than those agreed upon. Defendants provided documentation that they were under no obligation to provide as part of a good faith agreement that plaintiff's counsel is attempting to renege on in bad faith. Defendants further object to this request on the grounds that it is vague, ambiguous, not properly limited in time or scope, overbroad, implicates the privacy interests of non-parties. Defendants further object to this request to the extent that it seeks information which is not proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the importance of the requested information in resolving the issues, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, on the grounds that it seeks information which is beyond the scope of this litigation, is not of a similar nature or concerning false statements, or was not within the past 10 years or occurred subsequent to the incident. Defendants further object to this request to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, the official information privilege, the law enforcement privilege, the deliberative process privilege, the self-evaluation privilege or other applicable privileges, or constitutes sensitive law enforcement privileges. Defendants also object to this interrogatory to the extent it seeks confidential information of non-party officers, the disclosure of which would be an unwarranted invasion of privacy.

3. *Please produce the DAR (daily activity report) for both defendants for the week of August 26, 2014.*

Defendants object on the grounds that plaintiff previously agreed that defendants would not have to provide the documents requested in plaintiff's document requests other than those agreed upon. Defendants provided documentation that they were under no obligation to provide as part of a good faith agreement that plaintiff's counsel is attempting to renege on in bad faith. Defendants further object to this request on the grounds that it is vague, ambiguous, overbroad, duplicative and cumulative, assumes facts not established, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Dated: November 13, 2017
New York, New York 10007

Respectfully,

Vik Pawar (VP9101)