# EXHIBIT 1

Relevant Portion of Docket Entry #56

# EXHIBIT 1

**Deposition Follow-up request on August 4, 2016:**

1. Please provide the complete disciplinary histories for defendant Delacruz because he could not recall why he was subjected to GO-15's which is an internal disciplinary proceeding.
2. Please provide the complete IAB file for defendant Pichardo which was produced in truncated form.
3. Please produce the DAR (daily activity report) for both defendants for the week of August 26, 2014.

In closing, plaintiff respectfully submits he is entitled to discovery. Federal Rules of Civil Procedure Rule 26 states a party "...may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action ....the parties' relative access to relevant information .... the importance of the discovery in resolving the issues.... **Information within this scope of discovery need not be admissible in evidence to be discoverable.**" (emphasis added)

Defendants have been accused of shaking down drug dealers, asking for bribes and protection money, planting drugs on individuals (also known as "flaking") and looking up warrants for unauthorized purposes. The allegations in plaintiff's complaint state that defendants falsely arrested and maliciously prosecuted him and defendants fabricated evidence by planting drugs. Plaintiff is entitled to discovery that would seek to advance his claims that these two defendants are corrupt and are willing to fabricate information to make an arrest or protect a drug dealer (so long as they get paid protection money). The alleged sale of a "small object" took place on August 26, 2014 and plaintiff was arrested on August 29, 2014. The daily activity report could very well shed light on whether the sale even took place or the defendants' ability to make such observation 3 days earlier. Interestingly, although there were 4 additional officers who were present during the alleged sale on August 26 and the arrest on August 29, none of their names were disclosed as part of defendants' defense. Plaintiff is entitled to disciplinary materials and daily activity reports that are routinely turned over in other cases. As I told Your Honor at the August 18, 2016 conference, I think the parties, the Court and the public at large would be better served knowing whether there are corrupt police officer(s) within the NYPD. Defense counsel is fighting so vigorously to prevent disclosure simply bolsters plaintiff's position that defendants have something to hide.