# PAWAR LAW GROUP P.C.
## ATTORNEYS AT LAW

20 VESEY STREET SUITE 1410
NEW YORK NEW YORK 10007

Robert Blossner
Vik Pawar

TEL (212) 571 0805
FAX (212) 571 0938
www.pawarlaw.nyc

November 19, 2019

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge

Re:   *Deleon v. Pichardo and Delacruz*, 15 CV 9804 (PGG)

Dear Judge Gardephe:

      As per the Court Order on November 8, 2019, plaintiff respectfully submits this letter.

### Background of the Case:

      This is a relatively straight-forward false arrest/malicious prosecution case. Defendants allege that plaintiff sold drugs (more specifically marijuana) to another individual ("Jessica G.") on August 26, 2019. Plaintiff was arrested and processed on August 29, 2019. Plaintiff denies that he sold drugs to Jessica G. on August 26, 2019.[1]

### Plaintiff's Pertinent Allegations in the Third Amended Complaint ("TAC"):

      Plaintiff alleges that he was wrongfully arrested on August 29, 2014 for allegedly selling marijuana on August 26, 2014. Plaintiff further alleges being strip-searched and maliciously prosecuted for this charge because defendants forwarded false and fabricated paperwork to the DA's office and failed to retract the false paperwork resulting in plaintiff's unnecessary prosecution. *See Exhibit 1*.

---

[1] Plaintiff respectfully submits that this material disputed fact, alone, defeats any good-faith basis to file a motion for summary judgment and as further discussed in this letter..

**Defendants' Pertinent Denials and Affirmative Defenses in Answer to TAC:**

Defendants denied the allegations in the TAC. Defendants further stated that they did not violate any of [plaintiff's] rights, plaintiff (1) is responsible, (2) provoked or (3) contributed to his own constitutional violations and that the defendants acted lawfully and properly and there was probable cause to arrest, detain and prosecute plaintiff. *See Exhibit 2.*

**NYPD Documents:**

At the Court hearing, Your Honor inquired whether defendants intend to offer into evidence that drugs were recoveerd from Jessica G. and whether it was tested. Attached are NYPD documents that answer Your Honor's questions. It is clear that defendants accused plaintiff of selling drugs that later field tested positive for marijuana. It is also clear that the defendants filed sworn statements accusing plaintiff of selling drugs and then forwarding that information to the DA's office which resulted in plaintiff's prosecution before it was dismsised. *See Exhibit 3.*

**Plaintiff's Pertinent Deposition Testimony:**

Plaintiff testified that he was arrested few days after the alleged sale on August 26, 2014. Plaintiff denied that he gave any drugs to anyone, let alone Jessica G. Plaintiff alleged that defendants fabricated the drug sale charge. *See Exhibit 4.*

**Defendant Delacruz's Pertinent Deposition Testimony:**

Delacruz testifed that he knew who plaintiff was and knew where he lived in the neighborhood. He further testified that there was a positive buy on August 26, 2014 and he transmitted that information to defendant Pichardo. He swore that he observed plaintiff give a small object to a female and that Pichardo recovered marijuana from that female and it was field tested by the precinct. *See Exhibit 5.*

**Defendant Pichardo's Pertinent Deposition Testimony:**

Pichardo testified that he knew on the day of the alleged drug sale that both he and Delacruz knew that their "dealer [was plaintiff]."

Pichardo also testified to one of the discovery issue that Your Honor inquired about:

> Q. Do you know what **flaking is**? (emphasis added)
> A. Yes.
> Q. What does that mean?
> A. When you basically **arrest someone for no reason**. (emphasis added)

2

| | | |
|---|---|---|
| Q. | Does it mean **planting drugs**? (emphasis added) | |
| A. | **Also.** (emphasis added) | |
| Q. | Do you know what the allegation was? | |
| | …… | |
| A. | It says, "prisoner flaking NARCO." | |
| Q. | What does that mean? | |
| A. | What you just said, that **planting drugs**. (emphasis added). | |

Pichardo did not seem to recall whether he was questioned by anyone. In another incident another question was asked:

| | | |
|---|---|---|
| Q. | Do you see the allegation there? |
| A. | Yes. |
| Q. | And what does it say? |
| A. | It says, "**prisoner flaking**." (emphasis added). |
| Q. | Do you know who [sic] the disposition was? |
| A. | "substantiated, case closed." |

Pichardo was also accused of associating with and protecting/bribing "narcotic dealers" from the 34th precinct, the same precinct plaintiff was arrested. Pichardo testifed that that allegation was also substantiated. *See Exhibit 6.*

## Outstanding discovery[2]:

Defendants have objected to producing the Daily Activity Reports ("DAR") except for August 26, 2014 and August 29, 2014. Plaintiff will withdraw this request for the other DAR so long as defendants are barred from introducing them going forward.

## Discovery of Disciplinary Histories:

At the most recent conference before Your Honor, the Court was skeptical about handing over Pichardo's disciplinary files over in discovery. However, in light of the foregoing testimony and defendants' anticipated defenses, plaintiff respectfully requests that such discovery is not only proper and discoverable but might also be admissible at trial.

---

[2] There is one item that plaintiff has requested from defense counsel and if there is a further dispute, we would inform the Court.

### Misuse of Computer:

Pichardo testified that he was disciplined because he did improper computer search on five (5) separate occassions for his brother (same last name). Plaintiff alleges that this was a pattern by Pichardo to assist drug dealers who paid him money and unlawfully arrest those that did not. If the Court during the *in camera* review finds that Pichardo did indeed search the NYPD computer database for his brother on five (5) separate occasions then we do not need that file. If, however, it turns out that Pichardo lied during his sworn testimony, that information should be turned over to plaintiff as showing a pattern of Pichardo lying under oath to protect his interests and falsely accusing innocent individuals like plaintiff of selling drugs.

### Flaking/Shaking Down or Protecting drug dealers/Bribery:

Pichardo has substantiated history of flaking, associating with and protecting/bribed by drug dealers. Pichardo admitted that flaking means arresting **"someone for no reason"** and **"planting drugs on them."** The substantiated allegations that took place within five years of the allegations giving rise to this lawsuit is not only discoverable as relevant but might also be admissible for impeachment.

Evidence of complaints against police officers may be admissible under Fed. R. Evid. 404(b) where the offering party demonstrates that the complaints share "unusual characteristics" with the conduct at issue so as to "represent a 'unique scheme.'" *Berkovich v. Hicks*, 922 F.2d 1018, 1023 (2d Cir. 1990).

In addition, Fed. R. Evid. 608 provides that evidence of specific instances of a witness' conduct concerning the witness' character for truthfulness may be used to attack his credibility on cross-examination. The defendants' alleged planting of drugs on the complainant is relevant to their character for truthfulness. The extrinsic acts must share "unusual characteristics" with the act charged or represent a "unique scheme." *United States v. Benedetto*, 571 F.2d 1246, 1249 (2d Cir. 1978). Although extrinsic evidence may not be used to prove the defendants' misconduct, plaintiff's counsel could use information obtained from the complainant for cross-examination. *See Zhao v. City of New York*, 2007 WL 4205856, at *2 (S.D.N.Y. Nov. 21, 2007) (CCRB and IAB complaints involving allegations of dishonesty are discoverable as potential impeachment material); *Barrett v. City of New York*, 237 F.R.D. 40 (E.D.N.Y. 2006) ("CCRB files that . . . are relevant to an officer's propensity to tell the truth [] will be permitted for discovery purposes"); *Bradley v. City of New York*, No. 04 CIV 8411, 2005 WL 2508253, at *2 (S.D.N.Y. Oct. 3, 2005) (CCRB complaints may influence an assessment of credibility of officers); *Lombardo v. Stone*, 2002 U.S. Dist. LEXIS 1267, at *24-*25 (S.D.N.Y. Jan. 29, 2002); *see also* Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes to 2000 Amendments ("[I]nformation that could be used to impeach a likely witness, although not otherwise relevant to the claims and defenses, might be properly discoverable"). Records concerning the investigation of complaints of a similar nature against a police officer defendant in a section 1983 case may lead to the discovery of evidence "relevant to issues of pattern,

4

intent, and absence of mistake." *Wisniewski v. Claflin*, 2007 WL 1120464, at *4-*5 (E.D.N.Y. Apr. 16, 2007).

The allegations in the complaint that plaintiff was essentially "flaked" aka arrested without any reason is consistent with Pichardo's conduct of doing similar things to other individuals and being disciplined for those actions.

**Summary Judgment Motion**:

Defendants know plaintiff. Defendants made it clear that plaintiff was engaged in a drug sale on August 26, 2014. Plaintiff denies this fact. It is unclear how in good-faith defendants can proceed with a motion for summary judgment.

**Conclusion**:

Plaintiff respectfully submits that the IAB file should be turned over (even if it is deemed to be inadmissible at trial) and set this matter down for a trial that would last one day from picking a jury to closing statements.

Thank you.

Respectfully,

Vik Pawar (VP9101)

Cc: Mr. Richard Bradenburg, Esq. (by ECF and email)