

**JAMES E. JOHNSON**
*Corporation Counsel*

T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small>
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**RICHARD BAHRENBURG**
*Assistant Corporation Counsel*
phone: (212) 356-2557
fax: (212) 356-3509
email: rbahrenb@law.nyc.gov

November 19, 2019

<u>**VIA ECF**</u>
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:  <u>DeLeon v. Pichardo, et al.</u>,
        15-CV-9804 (PGG)(KNF)

Your Honor:

    I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. Defendants submit this letter in accordance with Your Honor's November 8, 2019 Order, and in response to Plaintiff's November 19, 2019 submission.

    By way of background, the parties attended a conference before Your Honor on November 8, 2019. At that conference, and for the first time, Plaintiff's counsel argued that his client alleges a fabrication of evidence claim for marijuana recovered from plaintiff at the time of his arrest. In response, Your Honor ordered that "Defendants address whether they intend to offer evidence that drugs were recovered from Plaintiff at the time of his August 29, 2014 arrest." <u>See</u> Civil Docket Report, at Document No. 78. Further, Your Honor ordered that "Plaintiff explain[] whether he is alleging that Defendants planted drugs on him at the time of his August 29, 2014 arrest." <u>Id</u>. Instead of focusing on this, plaintiff's counsel mischaracterizes Your Honor's Order and instead indicated that Your Honor inquired into "whether defendants intend to offer into evidence that drugs were recovered from Jessica G. and whether it was tested." <u>See</u> Civil Docket Report, at Document No. 81. That is simply not what was at issue during the November 8th conference and not what Your Honor stated. In accordance with Your Honor's November 8th Order, Defendants respectfully notify the Court that, upon information and belief, no marijuana was recovered from Plaintiff at the time of his arrest on August 29, 2019, and state that Defendants do not intend to argue at trial that Plaintiff was in possession of

marijuana at the time of his arrest on August 29, 2019.  Additionally, there is simply no claim in the operative complaint, or during depositions, that drugs were ever planted on plaintiff at the time of his arrest; indeed, he was not charged with possession of drugs at the time of his arrest.

Moreover, as is clear from Plaintiff's submitted deposition testimony, Plaintiff testified to having not left his home during the time of the drug sale on August 26, 2019, and thus was not at the location of the sale.  Accordingly, Plaintiff wholly lacks knowledge to dispute that a drug sale occurred on August 26, 2014 involving Jessica G.  Such lack of knowledge results in the inability of plaintiff to dispute that fact and permits Defendants to argue mistaken identity at summary judgment.  Accordingly, as there would be probable cause to arrest whoever sold Jessica G. drugs on August 29, 2014, and accepting plaintiff's testimony as true for the purpose of summary judgment that he did not sell Jessica G. drugs, Defendants intend to argue that they are entitled to qualified immunity based on mistaken identity.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

*Richard Bahrenburg /s/*

Richard Bahrenburg
*Assistant Corporation Counsel*

cc:    <u>VIA ECF</u>
       Vik Pawar, Esq.